---
Hunter *v.* Allen.
---

---

## HUNTER *vs.* ALLEN.

A justice has no power, upon the trial of an action brought upon a warranty on the sale of a chattel, to compel a party or witness to produce the chattel in court, for inspection.

APPEAL from a judgment of the Cayuga county court, reversing a judgment of a justice of the peace.

*Wm. Allen,* for the appellant.

*Cox & Avery,* for the respondent.

*By the Court,* WELLES, J.   The action before the justice was upon a warranty of the quality or material of the cases of a watch, sold by the defendant to the plaintiff.  The warranty alleged was that the cases of the watch were of gold, fifteen carats fine.  On the trial the plaintiff gave evidence tending to support the action, and which in my opinion made out a *prima facie* case, at least enough to have been submitted to a jury, and was sufficient to justify the justice in refusing a nonsuit.  When the plaintiff had rested, the defendant moved for a nonsuit, which the justice denied.  There was no error in this, that we can discover.  In the course of the trial the plaintiff was placed upon the stand as a witness in behalf of the defendant, and testified that he had the watch in his possession in court.  On being requested by

Hunter *v.* Allen.

the defendant to produce it, he declined, and the court was requested to order or compel him to produce it, which the justice declined. The defendant then requested the court to issue a subpœna *duces tecum* to the witness to produce the watch in court for inspection, in order, as he claimed, to test the question whether it was the same watch about which the other witness had been testifying, and whether it was the same one that the defendant had sold the plaintiff. The court refused to issue such subpœna.

In all this I think the justice was right. It would be a new feature in our jurisprudence, or rather in its administration, to compel a party or witness to produce a chattel in court for inspection, upon the trial of such an issue as this was. Such proceedings, when by consent of parties, are sometimes tolerated, but they are always of necessity in the discretion of the court, and I believe never ordered against the objection of a party. All else in the case were pure questions of fact which the justice has decided upon the evidence before him, which, as before remarked, was sufficient to be submitted to him. I discover no error in the judgment which would justify the county court in reversing it. The judgment of that court should be reversed, and that of the justice affirmed.

[Monroe General Term, March 5, 1860. *Welles, Smith* and *Johnson,* Justices.]